

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:

ACCESS FOR THE DISABLED, INC., a
Florida not-for-profit corporation, and
BRIGETTE DECKER, an individual

ᴜ3-80916

Plaintiff,

vs.

**CIV-COHN**

MATHIEU P. ROSINSKY, an individual,
(Leisureville Center)

Defendant.

**MAGISTRATE JUDGE
SNOW**

/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiffs, ACCESS FOR THE DISABLED, INC. ("ACCESS"), a Florida not-for-profit

corporation; and BRIGETTE DECKER ("DECKER"), an individual (jointly, "PLAINTIFFS"),

sue the Defendant, MATHIEU P. ROSINSKY, an individual ("DEFENDANT") and allege:

**JURISDICTION AND VENUE**

1.      This action is brought by PLAINTIFFS to enforce Title III of the Americans With

Disabilities Act ("ADA"), 42 U.S.C. § 12181, et seq.

2.      This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§1331 and

1343.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and Rule 3.1, Local

Rules of the United States District Court for the Southern District of Florida.

4.      Leisureville Center ("the Property") is a shopping center or other retail facility

located at approximately 1865 Woolbright Road, Boynton Beach, Florida.



## PARTIES

5.     Plaintiff, ACCESS FOR THE DISABLED, INC. ("ACCESS"), is a Florida not-for-profit corporation, domiciled in and operating throughout the State of Florida. ACCESS is engaged, inter alia, in seeking compliance with the accessibility regulations, educational efforts to correct violations, when found, and when necessary and appropriate, litigation to require persons and entities in violation of accessibility regulations to comply with the act. One of ACCESS'S purposes is to assure that businesses are accessible to, and usable by, all persons, including those persons with disabilities. ACCESS' organizational purpose is adversely affected by DEFENDANT'S failure to comply with accessibility regulations. ACCESS and its members suffer direct and indirect injury as a result of DEFENDANT'S actions or inactions as described herein, and each member would have standing to maintain this action on his or her own. Thus, ACCESS suffers direct and concrete injury as a result of DEFENDANT'S discriminatory actions.

6.     Plaintiff, DECKER is a resident of Palm Beach County, Florida, and is a qualified individual with disabilities under the ADA. Plaintiff DECKER was subject to discrimination, as defined in 42 U.S.C. §12182, by DEFENDANT during the year 2003, when she attempted to access the accommodations at the Property, or she would have attempted to access these accommodations but for the violations observed at the Property and alleged herein. Plaintiff DECKER intends to visit the Property again in the future, and she is likely to be subjected to continuing discrimination by DEFENDANT in the future.

7.     MATHIEU P. ROSINSKY, is an individual residing in Palm Beach County, Florida.

8.     All events giving rise to this lawsuit occurred in Palm Beach County, Florida.

9.     On or about July 26, 1990, Congress enacted the ADA, which is codified at 42 U.S.C. § 12101, et seq.   The ADA mandated all commercial businesses to implement its requirements by January 26, 1992, the effective date of Title III of the ADA.  42 U.S.C. § 12181; 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

## VIOLATION OF THE ADA

10.     Upon information and belief, DEFENDANT is the owner, lessor, lessee, and/or operator of the Property.

11.     DEFENDANT has discriminated against Plaintiffs DECKER and ACCESS and its constituent members, and continues to discriminate against them and others who are similarly situated by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the facilities at the Property, as prohibited by 42 U.S.C. § 12181 et seq.;   42 U.S.C. § 12182 et seq., by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv), by failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible as required by 42 U.S.C. § 12183(a)(2), and by failing to design and construct facilities that are readily accessible to and usable by individuals with disabilities as required by 42 U.S.C. § 12183(a)(1).

12.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA.  Those regulations are codified at 28 C.F.R. Part 36.

13.     The Property is a "place of public accommodation," as it is a shopping center or other retail establishment, as defined in 42 U.S.C. § 12181(7) and 28 C.F.R . § 36.104. As such, it is required to comply with the mandates of 42 U.S.C. § 12181 et seq. and 28 C.F.R. Part 36.

14.     The public accommodations provided by DEFENDANT, as owner, lessor, lessee, and/or operator of the Property, are not accessible to people with disabilities, including Plaintiff, DECKER, and other people with disabilities in the State of Florida, for whom Plaintiff ACCESS seeks to protect. The Property is inaccessible to people with disabilities due to DEFENDANT'S failure to remove architectural barriers where such removal is readily achievable, failure to provide auxiliary aids that would not result in undue burden, and by failing to bring their facilities into compliance with ADAAG Standards. This inaccessibility is in violation of the ADA, 42 U.S.C. § 12181. Such inaccessibility includes, but is not limited to:

A.     **Parking**

A.1.     In this parking area, there are an insufficient number of spaces designated for disabled use, violating Sections 4.1.2 and 4.6.1 of the ADAAG, the resolution of which is readily achievable.

A.2.     The disabled use parking spaces do not have access aisles provided, violating Sections 4.1.2 and 4.6.3 of the ADAAG, the resolution of which is readily achievable.

A.3.     There is no accessible route from the parking areas to the facility, in violation of Sections 4.3.2, 4.6.2, and 4.6.3 of the ADAAG, the resolution of which is readily achievable.

A.4.     There is not an accessible route from the street or the public sidewalk other than vehicular route, which is a violation of ADAAG 4.1.2 (1), the resolution of which is readily achievable.

A.5.     The accessible parking spaces are not marked properly, the resolution of which is readily achievable.

A.6.      The accessible parking spaces and access aisles are not the minimum size required by the ADAAG 4.6.3 (fig.9), the resolution of which is readily achievable.

A.7.      The signs at disabled parking spaces are not at the correct height, (84" from finish grade), as per DOT sign details, the resolution of which is readily achievable.

A.8.      At the entrance doors the hardware to gain entry is flat and not accessible, in violation of ADAAG 4.13.9, the resolution of which is readily achievable.

A.9.      There are no signs designating multiple disabled use spaces, in violation of Section 4.6.4 of the ADAAG, the resolution of which is readily achievable.

A.10.     The ramps provided from the parking areas to the facility have slopes, side slopes and/or cross-slopes in excess of the limits prescribed in Section 4.8 of the ADAAG, the resolution of which is readily achievable.

A.11.     Level landings are not provided either at the  top and/or  bottom of each ramp, in violation of ADAAG 4.8.4, the resolution of which is readily achievable.

**B.**      **Entrance Access Accessible Route**

B.1.      There is not a continuous path of travel connecting all essential elements and buildings of the facility, violating Sections 4.3.1 and 4.3.2 of the ADAAG, the resolution of which is readily achievable.

B.2.      The counters have cash registers provided for sales or distribution of goods or services to the public, and the space does not have at least one of each type of counter with a portion at least 36 inches long in length with a maximum height of 36 inches above the finish floor, and dispersed throughout the building/facility, violating ADAAG 7.2.1, the resolution of which is readily achievable.

B.3.      The signage to the toilet rooms are not mounted 60 inches to the centerline, nor are they adjacent to the latch side of the door, in violation of Section 4.30.6 of the ADAAG, the resolution of which is readily achievable.

B.4.      Accessible routes to and through the facility are not 36 inches in width, in violation of ADAAG 4.3.3, the resolution of which is readily achievable.

**C.**      **Restrooms**

C.1.      There are exposed pipes in restrooms at the facility, violating Section 4.19.4 of the ADAAG, the resolution of which is readily achievable.

C.2.      The sinks in the restroom provided do not meet the requirements specified and prescribed in Section 4.24 of the ADAAG, the resolution of which is readily achievable.

C.3.      The area below the lavatory is not free of sharp or abrasive surfaces, violating Section  4.19.4 of the ADAAG, the resolution of which is readily achievable.

C.4.      The faucet cannot be operated with one hand without tight grasping, pinching, or twisting of the wrist, in violation of ADAAG Section 4.19.5 and 4.27.4, the resolution of which is readily achievable.

C.5.      The restroom door has improper hardware for disabled patrons, in violation of Section 4.13.9 of the ADAAG, the resolution of which is readily achievable.

C.6.      The clear floor space provided in the restroom is inadequate, violating ADAAG provisions of Sections 4.2.1, 4.18.3 and 4.22, the resolution of which is readily achievable.

C.7.      There is no unobstructed turning space (a 60" diameter circle or T-shaped space), in the bathroom/toilet area.  The clear floor space of fixtures and controls, the accessible route, and the turning space, overlap, in violation of ADAAG Section 4.23.3, the resolution of which is readily achievable.

C.8.      The handles, locks and other operating devices on accessible doors should have a shape that is easy to grasp and does not require twisting of the wrist to operate. The hardware on multiple doors does not meet the guidelines of the ADAAG in Section 4.13.9, the resolution of which is readily achievable.

C.9.      The grab-bars in the restrooms do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG, the resolution of which is readily achievable.

C.10.     The water closets provided for public use at the facility violate the provisions of Section 4.16 of the ADAAG, the resolution of which is readily achievable.

C.11.     The centerline of the toilet is not 18" from a wall or partition, violating Section 4.22.4 of the ADAAG, the resolution of which is readily achievable.

C.12.     The paper towel dispensers are located above the reach range in violation of the requirements in Section 4.27.3 of the ADAAG, the resolution of which is readily achievable.

C.13.    The mirrors provided for public use in the restrooms are in violation of the requirements in Section 4.19 of the ADAAG, the resolution of which is readily achievable.

C.14.    There are dispensers provided for public use in the restrooms which have controls outside the ranges prescribed in Section 4.27 of the ADAAG, the resolution of which is readily achievable.

C.15.    The bathroom signage is improperly mounted, in violation of ADAAG 4.30.6, the resolution of which is readily achievable.

C.16.    The signs which designate permanent rooms and spaces have no Braille nor do they protrude 1/32" in violation of ADAAG 4.30.4, 4.30.5 and 4.30.6, the resolution of which is readily achievable.

C.17.    The signage finish and contrast are in violation of 4.30.5, the resolution of which is readily achievable.

C.18.    The lavatory in the restroom does not meet the requirements prescribed in Section 4.19 of the ADAAG, the resolution of which is readily achievable.

C.19.    The toe and knee clearance of the lavatory does not comply with Section 4.19.2, fig. 31 of the ADAAG, the resolution of which is readily achievable.

C.20.    The rear grab bar is not offset one ft. as described in Section 4.16.4, fig. 29 of the ADAAG, the resolution of which is readily achievable.

C.21.    The flush controls of the water closet are not mounted on the wide side where the clear floor space is provided in violation of Sections 4.16.5 and 4.27.4 of the ADAAG, the resolution of which is readily achievable.

C.22.    The toilet paper dispenser is not mounted below the grab bar or in a location that would not obstruct the use of the grab bar in violation of the requirements in Section 4.26 of the ADAAG, the resolution of which is readily achievable.

15.    Other violations of the ADA are believed to exist at the Property, which may be identified at the time that a full inspection is made.  The barriers described above deny persons

with disabilities equal access to the Property. PLAINTIFFS have otherwise been discriminated against by DEFENDANT because of the ADA violations set forth supra.

16.    PLAINTIFFS are entitled to an award of attorney fees, expert fees, costs and expenses incurred in this case from DEFENDANT, pursuant to 42 U.S.C. §12205.

17    This Court is vested with the authority to grant PLAINTIFFS injunctive relief including an order to alter the subject facilities to make them readily accessible to, and usable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the required modifications are completed.

WHEREFORE, PLAINTIFFS demand judgment against DEFENDANT and request that this Court:

A.    Accept jurisdiction of this case and declare that policies, procedures and services at the Property are discriminatory and are not in compliance with the ADA;

B.    Enter an Injunction requiring DEFENDANT to alter the facilities at the Property expeditiously and make them accessible to and usable by individuals with disabilities by making all reasonable and appropriate modifications in their policies practices and procedures, provide effective signage, remove all architectural and communication barriers, and provide alternative means of access to the extent required by the ADA;

C.    Enter as part of that Injunction a provision directing DEFENDANT to neutralize his policies, practices, and procedures toward persons with disabilities for such reasonable time so as to allow DEFENDANT to undertake and complete corrective procedures;

D.    Enter an Order awarding reasonable attorneys' fees, experts' fees, costs, and expenses to PLAINTIFFS; and,

E.     Enter an Order awarding such other and further relief as the Court deems necessary, just and proper;

F.     Retain jurisdiction of this case until DEFENDANT has fully complied with the orders of this Court.


Respectfully submitted,


HINSHAW AND CULBERTSON

_____
Paul R. Wallace, Esquire
Florida Bar No. 144534
P.O. Box 569009
9155 South Dadeland Boulevard
Suite 1600
Miami, FL 33256-9009
Telephone: 305-358-7747
Facsimile: 305-577-1063

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

03-80916

## (a) PLAINTIFFS

ACCESS FOR THE DISABLED, INC., a Florida not-for-profit corporation; and BRIGETTE DECKER, an individual.

## DEFENDANTS

MATHIEU P. ROSINSKY, an individual.

CIV-COHN

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    BROWARD
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

WPB 03-80916 civ cohn / snow

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Paul R. Wallace, Hinshaw & Culbertson, P.O. Box 569009, Miami FL 33256-9009, Tel: 305-358-7747

ATTORNEYS (IF KNOWN)

MAGISTRATE JUDGE
SNOW

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE,  MONROE,  BROWARD,  PALM BEACH,  MARTIN,  ST. LUCIE,  INDIAN RIVER,  OKEECHOBEE  HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

### A CONTRACT

- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

### A REAL PROPERTY

- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### A TORTS

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury – Med Malpractice
- ☐ 365 Personal Injury – Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### A CIVIL RIGHTS

- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☒ 440 Other Civil Rights

### PRISONER PETITIONS

- B☐ 510 Motions to Vacate Sentence

**HABEAS CORPUS:**
- B☐ 530 General
- A☐ 535 Death Penalty
- B☐ 540 Mandamus & Other
- B☐ 550 Civil Rights
- B☐ 555 Prison Condition

### FORFEITURE/PENALTY

- B☐ 610 Agriculture
- B☐ 620 Other Food & Drug
- B☐ 625 Drug Related Seizure of Property 21 USC 881
- B☐ 630 Liquor Laws
- B☐ 640 R.R. & Truck
- B☐ 650 Airline Regs
- B☐ 660 Occupational Safety/Health
- B☐ 690 Other

### A LABOR

- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt Relations
- ☐ 730 Labor/Mgmt Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- A☐ 791 Empl. Ret. Inc. Security Act

### A BANKRUPTCY

- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### A PROPERTY RIGHTS

- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### B SOCIAL SECURITY

- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS

- A☐ 870 Taxes (U.S. Plaintiff or Defendant)
- A☐ 871 IRS – Third Party 26 USC 7609

### A OTHER STATUTES

- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- B☐ 450 Commerce/ICC Rates/etc
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions
- A OR B

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. Section 12101 ADA

LENGTH OF TRIAL
____ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE
1/23/03

SIGNATURE OF ATTORNEY OF RECORD
Paul R. Wallace

FOR OFFICE USE ONLY

RECEIPT # 889868    AMOUNT $150.00    APPLYING IFP ____    JUDGE ____    MAG. JUDGE ____